HENRY KEVIN MALONE,

     Petitioner,

v.                                     Case No. 8:06-CV-720-T-27MAP

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

     Respondent.
_____/

## **ORDER**

Petitioner, a State of Florida inmate proceeding *pro se,* initiated these proceedings by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") challenging his 1998 convictions for sexual battery with the use of force likely to cause injury and burglary of a dwelling with an assault or battery entered in the Twelfth Judicial Circuit Court, Sarasota County, Florida (Dkt. 1 at 1). Having undertaken an examination of the petition in accord with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (2006), the Court concluded that the petition may be time-barred under the provisions of 28 U.S.C. § 2244(d) and directed Respondent to file a limited response addressing the issue (See Dkt. 5). *See Jackson v. Sec. for the Dep't. of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002).

Exercising his right under Rule 15(a), Fed. R. Civ. P., Petitioner filed an amended § 2254 petition on May 15, 2006, which supersedes the original § 2254 petition. Respondent has filed a limited response to the amended petition in which Respondent asserted that the petition should be dismissed as time-barred (Dkt. 8). Petitioner has filed a request for judicial notice that, based

on its content, the Court construes as a reply[1] to the response (Dkt. 10). Having the benefit of a more fully developed record, the Court has taken this matter under consideration on the limited issue of the timeliness of the petition under § 2244(d).

## Discussion

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on all federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). On April 2, 1998, Petitioner was adjudicated as a habitual felony offender and sentenced to serve concurrent terms of natural life following his convictions for sexual battery with force and burglary of a dwelling (Dkt. 9, Ex. 1). The state appellate court affirmed Petitioner's convictions and sentences on March 10, 2000, with the mandate issuing on May 10, 2000. *See Malone v. State*, 758 So.2d 678 (Fla. 2d DCA 2000). However, on January 27, 2004, Petitioner filed a motion to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(a)(Dkt. 9, Ex. 6). Petitioner's Rule 3.800(a) motion was granted, in part, and he was resentenced on the sexual battery offense on August 12, 2005, to a term of 20 years imprisonment (See Dkt. 12-5). Petitioner appealed his resentencing. The state appellate court affirmed Petitioner's resentencing on November 15, 2006. *See Malone v. State*, 967 So.2d 915 (Fla. 2d DCA 2006).

"AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final." *Ferreira v. Secy, Dep't of Corr.*, 494 F.3d 1286, 1288 (11th

---

[1]*See Day v. McDonough,* 547 U.S. 198 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). In the instant case, Petitioner presented his position on the issue of timeliness in his response to the order to show cause entered by the Court on October 23, 2006 petition (Dkt. 10).

Cir. 2007), *cert. denied* 129 S. Ct. 1033 (2009)(emphasis in original). Therefore, the judgment that imprisons Petitioner did not become final until after the state appellate court's November 15, 2006 affirmance of the resentencing judgment. Petitioner filed his federal habeas petition on April 20, 2006 (Dkt. 1 at 1). Consequently, Petitioner's petition is timely.

ACCORDINGLY, the Court **ORDERS** that:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus For Untimeliness (Dkt. 8) is **DENIED**.

2. Respondent shall have **THIRTY (30) DAYS** from the date of this Order within which to file a supplemental response to the Amended Petition for Writ of Habeas Corpus (hereinafter "Amended Petition")(Dkt. 6), and to show cause why the Amended Petition should not be granted. The supplemental response shall respond to the allegations of the Amended Petition. In addition, it shall state whether Petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also the right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings. If it is denied that Petitioner has exhausted his state remedies, the supplemental response shall contain in detail an explanation of which state remedies remain available to Petitioner.

The supplemental response shall also state whether an evidentiary hearing was accorded Petitioner in a court of the state at either the pre-trial or post-conviction stage. If such an evidentiary hearing was conducted, the supplemental response shall state whether a transcript of the proceedings is presently available and, if not, whether and approximately when it may be procured; or, if the transcript is neither available nor procurable, whether a narrative summary of

3

the evidence is available or can be procured within a reasonable time. If the transcript or narrative summary is presently available, or is procurable within the time fixed for filing the supplemental response, it shall be filed by Respondent with the supplemental response and the record of the pre-trial, trial, and/or post-conviction proceedings. Otherwise, the supplemental response and record shall be filed within that time and the transcript or narrative summary shall subsequently be procured by Respondent and filed.

If Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the briefs on appeal and of the opinion of the appellate court, if any, shall also be filed by Respondent with the supplemental response. In addition, the supplemental response shall contain the citation(s) to the state court opinion(s) that is (are) reported.

Petitioner shall send to counsel for Respondent a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. Petitioner shall include with the original pleading or other paper that is submitted to be filed a certificate stating the date that an accurate copy of the pleading or other paper was mailed to counsel for Respondent. If any pleading or other paper submitted to be filed and considered by the Court does not include a certificate of service upon counsel for Respondent, it will be stricken from this case and disregarded by the Court. Petitioner shall advise the Court of his current mailing address at all times, especially if Petitioner is released from custody. Failure to do so may result in the dismissal of this action.

Both parties shall insure that all transcripts, briefs and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for

4

identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

If Respondent incorporates a motion to dismiss the Petition in the supplemental response, pro se Petitioner is advised out of an abundance of caution that the granting of this motion would result in the dismissal of this case.

If Respondent includes documents in support of a request to dismiss the Petition, the Court will construe the request to dismiss the Petition as a motion for summary judgment. In preparing a response, Petitioner should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, Federal Rules of Civil Procedure, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, depositions, answers to interrogatories, and answers to admissions filed along with the affidavits. In that event there will be no evidentiary hearing and the case will be ended in this Court.

If Petitioner fails to file a response to the motion to dismiss or construed motion for summary judgment within **TWENTY (20) DAYS** after it is filed, the motion will be taken under advisement and an Order entered thereon without further notice.

3. Petitioner may have **TWENTY (20) DAYS** to file a reply to the supplemental response to the Amended Petition. *See* Rule 5(e), Rules Governing Section 2254 Cases (2008).

**DONE and ORDERED** in Tampa, Florida, on *April 20th*_____, 2009.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner pro se
       Counsel of Record