**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


HENRY KEVIN MALONE,

     Petitioner,

v.                                    Case No. 8:06-CV-720-T-27MAP

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

     Respondent.
_____/

### ORDER

     Petitioner, a State of Florida inmate proceeding *pro se,* initiated these proceedings by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 convictions for sexual battery with the use of force likely to cause injury and burglary of a dwelling with an assault or battery entered in the Twelfth Judicial Circuit Court, Sarasota County, Florida (Dkt. 1 at 1). Petitioner filed an amended § 2254 petition (hereinafter "amended petition") on May 15, 2006, which supersedes the original § 2254 petition (Dkt. 6). Respondent has filed a response to the amended petition (Dkt. 21). Petitioner has not filed a reply to Respondent's response. The matter is now before the Court for consideration on the merits.

     A recitation of the procedural history of Petitioner's criminal convictions is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition.[1] An evidentiary hearing is not required for the disposition of this matter. Rules

---

[1]Respondent initially filed a motion to dismiss the amended petition as time-barred, which the Court denied (See Dkt. 16).

## Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

### Procedural Default

A petitioner must present each claim to the state courts before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged

2

violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). *Accord Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), *and Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

To overcome a procedural default, Petitioner must establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [his defaulted] claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

## Discussion

### Ground One

In Ground One, Petitioner complains that the state trial court erred when it denied his *pro se* motion to dismiss the charges against him on the grounds that his constitutional right to a speedy trial was violated. Petitioner was, however, represented by counsel at the time he filed his pro se motion (Dkt. 23, Ex. 001-A at R. 57). Counsel for Petitioner expressly waived his client's right to a speedy trial (Id.; Dkt. 23, Ex. 001-B at R. 284-85). "It is axiomatic under Florida law that a trial continuance granted at the request of the accused constitutes a waiver of the right to a speedy trial under rule 3.191." *State v. Gibson*, 783 So. 2d 1155, 1158 (Fla. 5th DCA 2001). Accordingly, "when a defendant requests a continuance prior to the expiration of the applicable speedy trial time period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode." *Stewart v. State*, 491 So. 2d 271, 272 (Fla.1986).

3

Petitioner was bound by the actions of his attorney. *See State ex rel. Gutierrez v. Baker*, 276 So. 2d 470, 471 (Fla. 1973)("It is a general rule that a client is bound by the acts of his attorney within the scope of the latter's authority.").

To the extent Petitioner is arguing that his Sixth Amendment right to a speedy trial was violated, his claim is without merit. For purposes of triggering a speedy trial claim, delays between the indictment and the trial exceeding one year are generally found to be presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). However, if the length of the delay is not presumptively prejudicial, then the Court need not consider the reason for the delay, the defendant's assertion of the speedy trial right, or the prejudice to the defendant. *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996). In Petitioner's case, the Information was filed on May 16, 1997 (Dkt. 23, Ex. 001-A at R. 27-29). The trial commenced on February 9, 1998, and the jury found Petitioner guilty of the charges on February 11, 1998 (Id. at R. 109). Petitioner wholly fails to demonstrate a prejudicial delay. Furthermore, the right to a speedy trial from a constitutional standpoint is not restricted by time periods established by state rules of procedure. *See Routley v. Singletary*, 33 F.3d 1279, 1291 (11th Cir. 1994)(noting that "...nowhere in the United States Constitution is there found a right to be brought to trial within 180 days."), *cert. denied*, 515 U.S. 1166 (1995).

Accordingly, there was no speedy trial violation in this case, and Ground One is without merit.

**Ground Two**

In Ground Two, Petitioner complains that the state trial court erred in denying defense counsel's motion for judgment of acquittal as to his sexual battery charge. Petitioner argues that there was no evidence demonstrating that the force used during the commission of the offense was

4

likely to cause "serious personal injury" as required by Section 794.011(3), Florida Statutes (1997).[2]

On federal habeas review, the question for this Court concerning the sufficiency of evidence in a state court proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In Florida, for a judgment of acquittal to be properly denied, it is not necessary that all facts favor the prosecution. "The simple fact that the evidence gives some support to the defendant does not demand acquittal." *Cosby v. Jones*, 682 F.2d 1373, 1383 n.21 (11th Cir. 1982). Here, the record is more than sufficient to support a denial of the judgment of acquittal.

At trial, the victim testified that Petitioner put his left hand over her mouth to stop her from screaming. He then put a pillow over her face and tried to suffocate her. She testified that Petitioner pulled her pants and underwear down and jammed his right hand and fingers into her vagina over and over again (Dkt. 23, Ex. 001 at R. 545-46). Dr. Miley, who examined the victim after the attack, testified that the victim told him that Petitioner had forcibly stuck his fist into her vagina. He also testified that the victim had a laceration over her lip, and multiple vaginal tears around the orifice of her vagina extending into the vagina. He testified that the victim's injuries to her vagina were consistent with a fist or multiple fingers entering her vagina. Finally, he testified that because of the

---

[2]794.011(3) states "[a] person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury commits a life felony, punishable as provided in s. 775.082, s. 775.083, s. 775.084, or s. 794.0115." "'Serious personal injury' means great bodily harm or pain, permanent disability, or permanent disfigurement." 794.011(1)(g), Fla. Stat. (1997).

victim's advanced age,[3] the force used by Petitioner during the attack could have caused the victim to asphyxiate or have a heart attack (Id. at R. 597-601).

In Florida, "[t]he evaluation of the degree of force [used during a sexually battery] is generally a jury question." *Jones v. State*, 478 So. 2d 493, 494 (Fla. 5th DCA 1985)(citation omitted). Certainly, in light of the evidence presented at trial, the state trial court did not err in denying the motion for judgment of acquittal and allowing the jury to determine whether there was physical force used that was likely to cause serious personal injury. Moreover, the evidence was sufficient to support a jury finding that Petitioner committed a sexual battery using physical force that was likely to cause serious personal injury. *See, e.g.*, *Smith v. State*, 340 So. 2d 1216, 1217 (Fla. 4th DCA 1976) (victim's testimony that she was grabbed from behind by an unknown intruder who, with his arm around her neck, pulled her into a bedroom of the house, and as she was being pulled she suffered a scratch on her neck which could have been caused by a fingernail, and something hurt her ribs, sufficient to support jury finding that defendant used physical force likely to cause serious personal injury).

Viewing the State's evidence of Petitioner's guilt in the light most favorable to the State and using the objective reasonableness test, a rational trier of fact could find Petitioner committed sexual battery using physical force likely to cause serious personal injury, the crime for which he stands convicted. The state appellate court's silent affirmance of Petitioner's conviction was neither an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts. Therefore, Ground Two must be denied.

---

[3]The victim was 65 years old at the time of the attack (Dkt. 23, Ex. 001-C at R. 533).

6

**Ground Three**

In Ground Three, Petitioner complains that the state trial court erred when it failed to give a jury instruction defining great bodily harm. This claim is an issue of state law not cognizable on federal habeas review. The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. *See Coleman v. Thompson*, 501 U.S. 722, *reh'g denied*, 501 U.S. 1277 (1991). "Federal habeas relief is unavailable 'for errors of state law.'" *Jamerson v. Secretary for Dept. of Corrections*, 410 F.3d 682, 688 (11th Cir. 2005) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). "An error in instructing the jury cannot constitute a basis for habeas relief unless the error so infected the entire trial that the resulting conviction violates due process." *Jacobs v. Singletary*, 952 F.2d 1282, 1290 (11th Cir. 1992) (quotation omitted). "State court jury instructions ordinarily comprise issues of state law and are not subject to federal habeas corpus review absent fundamental unfairness." *Jones v. Kemp*, 794 F.2d 1536, 1540 (11th Cir. 1986). Indeed, "[a] defective jury charge raises an issue of constitutional dimension only if it renders the entire trial fundamentally unfair." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983). Petitioner wholly fails to demonstrate that the state court's refusal to give the jury instruction defining great bodily harm rendered his trial fundamentally unfair. Consequently, Petitioner is not entitled to relief on the basis of this claim under Ground Three.

**Ground Four**

In Ground Four, Petitioner appears to complain that his constitutional rights were violated because he was not present when the jury panel was sworn. Petitioner admits the jury panel was sworn prior to voir dire examination.

Initially, the Court agrees with Respondent that the claim appears to be procedurally barred because there is no indication from the record or allegation from Petitioner that during trial Petitioner objected to the venire panel because they took an oath outside his presence. Petitioner has advanced no explanation for the failure to object, as required under Florida's "contemporaneous objection" rule. *See Fraterrigo v. State*, 151 Fla. 634, 638-39, 10 So. 2d 361 (Fla. 1942). Under both Florida and Federal law, where matters complained of were not preserved in the trial court, counsel is procedurally barred from raising them on direct appeal. *Jackson v. Dugger*, 931 F.2d 712 (11th Cir. 1991), *cert. denied*, 502 U.S. 973 (1991); *Porter v. Crosby*, 840 So.2d 981, 986 (Fla. 2003). Petitioner does not show cause for his default or prejudice, and he does not demonstrate that the fundamental miscarriage of justice exception applies. Accordingly, the claim is procedurally barred.

Moreover, Petitioner's claim fails on the merits. A trial court's failure to swear in prospective jurors during voir dire is not grounds for reversal because it is routine procedure in Florida to swear in jurors in assembly rooms prior to arriving to the courtroom. *See Maize v. McDonough*, 2007 U.S. Dist. LEXIS 66243, 2007 WL 2671126, at *7 (M.D. Fla., Sept. 7, 2007) (citing *Hayes v. State*, 855 So.2d 144 (Fla. 4th DCA 2003)). See also Fla. R. Crim. Proc. 3.300 ("The prospective jurors shall be sworn collectively or individually, as the court may decide.").

Furthermore, even if Petitioner could show that he had a constitutional right to be present when the jury panel was sworn, he fails to show any prejudice as a result of his absence at the time the jury panel was sworn. In the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). The test is "less onerous" than the harmless error standard enunciated in *Chapman v. California*, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in

8

determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Brecht*, 507 U.S. at 637. There is no indication from the record that any member of the jury venire gave untruthful answers, or that Petitioner would likely have prevailed at trial with a different jury. Petitioner fails to demonstrate actual prejudice under *Brecht*. Accordingly, Ground Four warrants no federal habeas relief.

**Ground Five**

In Ground Five, Petitioner complains that his trial attorney was ineffective in failing to move to suppress a suggestive identification procedure. Specifically, Petitioner claims that the victim identified Petitioner as the perpetrator of the crime from a photo-pack only after a detective made an impermissibly suggestive comment to the victim while she was viewing the photo-pack. Petitioner does not specify what the detective said and how the alleged comment was impermissibly suggestive. He has provided no further details, facts, or argument concerning this claim. This claim is vague, conclusory, and insufficiently pled to grant relief.

Petitioner raised this claim in his state Rule 3.850 postconviction motion (Dkt. 9, Ex. 5). Therein, Petitioner alleged that while the victim was looking at the police photo-pack, she looked at Petitioner's photograph and indicated that the skin of the man in the photograph was too light (Id.). Sgt. Bryan, who knew Petitioner, indicated that the photograph of Petitioner made Petitioner "appear with a much lighter complexion then he actually has." (Id.). In denying this claim, the state postconviction court stated:

> Defendant contends his attorney was ineffective when he failed to move to suppress or otherwise object to the victim's photo-spread identification testimony of Defendant after an impermissibly suggestive remark made by a detective at the time

9

of the identification.

> The Defendant's Motion is denied. The transcript of the victim's testimony as well as Detective McNulty's testimony refutes the Defendant's claim that he was prejudiced by the alleged failure to move to suppress or otherwise object to the testimony of the witness because detective [sic] McNulty and the witness did not testify that the Defendant was the person that the victim positively identified from the photo-spread. (See attached transcript, pp. 227-280 and 403-443). Although counsel did not move to suppress the alleged identification testimony, the Defendant has failed to show absent that alleged error the outcome of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668 (1984).

(Dkt. 23, Ex. 001-G at R. 1148-49).

During trial Detective McNulty testified that while he was showing the victim the photo-pack, the victim looked at Petitioner's photograph and "stared at it for what seemed like a considerable amount of time, and she tapped on it and she said, Him. And then she pointed to another picture and she said, With darker skin like him." (Dkt. 23, Ex. 001-G at R. 1219). During trial, the victim testified that Detective McNulty showed her photographs, and that she saw a photograph of a man that looked similar to the man that assaulted her, except that the man who assaulted her had a darker complexion than the man in the photograph (Dkt. 23, Ex. 001-C at R. 556-57). Therefore, the victim identified the photograph of the Petitioner as appearing to be the man who had assaulted her, only with lighter skin. Only after this identification was made did Sgt. Bryan make the statement that the picture of Petitioner made his skin appear lighter than it actually was. Petitioner does not allege, nor is there any indication from the record, that after Sgt. Bryan made his statement the victim then positively identified Petitioner as the assailant. Therefore, because Sgt. Bryan did not make his statement until after the victim identified the Petitioner's photograph as appearing to be similar to the man who had assaulted her, only with lighter skin, Petitioner does not

10

demonstrate that the victim identified Petitioner as a result of an overly suggestive identification procedure. Consequently, Petitioner fails to demonstrate counsel was deficient in failing to object to the photo-pack identification procedure.

Moreover, Petitioner fails to demonstrate any prejudice. An unnecessarily suggestive eye witness identification may be a violation of one's due process rights if it is conducive to a mistaken identification. *Manson v. Brathwaite*, 432 U.S. 98 (1977). It is not whether the identification procedure used was suggestive, but whether the identification was reliable. Even suggestive procedures can be reliable. *Neil v. Biggers*, 409 U.S. 188 (1972).

During trial, the victim testified that she observed Petitioner while he stood next to her bed and while he was assaulting her (Dkt. 23, Ex. 001-C at R. 543-44). She identified Petitioner at trial, looking closely at Petitioner and stating "[t]hose are his eyes." (Id. at R. 543; 557). The victim had ample opportunity to observe Petitioner during the assault. Therefore, her identification of Petitioner was reliable. Accordingly, Petitioner fails to show that the state court unreasonably applied *Strickland*, and Ground Five does not warrant relief.

**Ground Six**

In Ground Six, Petitioner complains that his trial attorney was ineffective in failing to move for a mistrial. Specifically, Petitioner argues that his trial attorney should have moved for a mistrial after the prosecutor, during cross-examination of Petitioner's alibi witness Rene Thomas ("Thomas"), made an improper comment.

During cross-examination of Thomas, the prosecutor asked her to explain why she failed to tell law enforcement about the alibi the first time that officers arrived at her home to execute a search warrant. When the witness failed to respond, the State excused her, saying "that's okay, Mrs.

11

Thomas, we know what the truth is" (Dkt. 23, Ex. 001-F at R. 956). The trial judge immediately interrupted the proceedings, called the parties up to the bench, reprimanded the prosecutor, and then gave a curative instruction to the jury (Id. at R. 957).

Petitioner raised this claim in his Rule 3.850 motion. The state postconviction court denied the claim and stated:

> Defendant contends that his attorney was ineffective when he failed to move for a mistrial after an improper comment made by the prosecutor to a response given by the Defendant's alibi witness during cross examination. The Defendant claims that, although the court issued a curative instruction, it was inadequate to alleviate the prejudice the remark had upon his case.
>
> The Defendant's Motion is denied. Although counsel did not move for a mistrial after the prosecutor's improper comment, the court's curative instruction and the isolated nature of the comment do not establish that counsel's failure to object prejudiced the Defendant. (See attached copy of transcript, pp. 651-52).   *See Anderson v. State*, 467 So. 2d 781, 787 (Fla. 3d DCA 1985) (Observing that failure to move for mistrial may only constitute ineffective assistance of counsel in rare instances).

(Dkt. 23, Ex. 001-G at R. 1150).

In Florida, a mistrial is appropriate only when the error committed is so prejudicial as to vitiate the entire trial. *King v. State*, 623 So.2d 486 (Fla. 1993). To prevail on this claim under federal law, Petitioner must show the comment so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168 (1986). In this case, the court gave a curative instruction immediately following the prosecutor's comment. Moreover, the remark was not so egregious as to render the trial fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637 (1974); *Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir.1997)(if reviewing court is confident that, absent improper prosecutorial remarks, jury's decision would have

been no different, proceeding cannot be said to have been fundamentally unfair, and habeas relief is not warranted). In light of the evidence presented at trial, any error in the prosecutor's remark did not have a substantial and injurious effect or influence on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Accordingly, Petitioner fails to show that the state court unreasonably applied *Strickland*, and Ground Six does not warrant relief.

**Ground Seven**

In Ground Seven, Petitioner complains that his trial attorney was ineffective in failing to object to fingerprint evidence and irrelevant and immaterial testimony regarding the fingerprint evidence. Specifically, Petitioner argues that his trial attorney should have objected to testimony that Petitioner's fingerprint was found on a piece of paper inside the victim's wallet, since the chain of custody was contaminated because the wallet was found by a bystander outside the crime scene.

Petitioner raised this claim in his Rule 3.850 motion. In denying the claim, the state postconviction court found that the State had established sufficient chain of custody to warrant admission of the fingerprint evidence (Dkt. 23, Ex. 001-G at R. 1150-51). The admissibility of the testimony regarding the fingerprint evidence is an issue for state courts to decide based on its rules of evidence. It is not a claim that the federal habeas court can decide. *Estelle v. Mcguire*, 502 U.S. 62, 72 (1991) ("A claim that an evidentiary ruling was allegedly incorrect under state law is not a basis for habeas relief."). This Court must defer to the decisions of the state court on state law. *See generally, Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied*, 469 U.S. 956 (1984)(a federal court on habeas review must defer to a state court's interpretation and application of state law). Therefore, because the chain of custody was established, and the fingerprint evidence

13

was admissible, Petitioner fails to demonstrate trial counsel was deficient in failing to object to the admission of the evidence.

Accordingly, Petitioner fails to show that the state court unreasonably applied *Strickland*, and Ground Seven does not warrant relief.

**Ground Eight**

In Ground Eight, Petitioner complains that his trial attorney was ineffective in failing to elicit testimony. Specifically, Petitioner asserts that trial counsel was ineffective in failing to present expert testimony challenging the State's expert testimony regarding shoeprint evidence, fingerprint evidence, and whether the force used during the crime was likely to cause injury. Petitioner raised this claim in his Rule 3.850 motion. In denying the claim, the state postconviction court found that Petitioner had failed to allege what his proposed expert(s) would have testified to, or how the experts would have impeached the State's experts (Dkt. 23, Ex. 001-G at R. 1152).

Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and allegations of what a witness would have testified to are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)(citations omitted).[4] "Failing to call a particular witness constitutes ineffective assistance of counsel only when the absence of the witness's testimony amounts to the abandonment of a viable, outcome-changing defense." *See Jordan v. McDonough*, 2008 U.S. Dist. LEXIS 831, 2008 WL 89848, *5 (M.D. Fla. 2008)(citations omitted). "In all other cases, the failure to call a witness is either an objectively-reasonable strategic decision or a non-prejudicial error." *Id.* (citation omitted).

---

[4]Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

14

Petitioner fails to establish prejudice as a result of trial counsel not calling expert witnesses at trial. To establish prejudice, Petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). Because Petitioner fails to proffer any expert testimony, he fails to demonstrate a reasonable probability that, but for counsel's failure to call expert witnesses at trial, the result of the trial would have been different.

Further, self-serving speculation about potential witness testimony is generally insufficient to support a claim of ineffective assistance of counsel. A petitioner must present evidence of the witness testimony in the form of actual testimony or an affidavit. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991). Petitioner fails to present any actual testimony or affidavits in support of his claim.

The state trial court's rejection of Petitioner's ineffective assistance of counsel claim constitutes a decision that was neither contrary to, nor an unreasonable application of, the *Strickland* two-part test. Accordingly, Petitioner is not entitled to relief on Ground Eight.

**Ground Nine**

In Ground Nine, Petitioner complains that his trial attorney was ineffective in failing to impeach the victim's testimony. Specifically, Petitioner complains that his trial attorney failed to impeach the victim with evidence that after she had been sexually assaulted, she brought a civil suit against her apartment complex, alleging negligent security. Petitioner raised this claim in his Rule 3.850 motion. In denying the claim, the state postconviction court found:

15

Counsel testified at hearing that his reason for agreeing not to cross-examine the victim regarding her pending civil action was that the issue at trial was not whether the victim had been sexually assaulted, but whether defendant was the person who had assaulted her. The State was able to make a strong showing that the victim had in fact been assaulted. Thus, the importance of the pending lawsuit in terms of establishing the victim's motive or bias was minimal.

With regard to the identification of defendant as the assailant, the State presented proof that defendant's fingerprint was found on a piece of paper which was in the victim's wallet which in turn had been taken from the victim's purse during the assault. A shoeprint found on the grounds of the complex where the victim was living matched, to a high level of reliability, although not conclusively, shoes in the possession of the defendant. And while the victim was not able to identify the defendant as the perpetrator prior to trial, she identified the defendant's eyes at trial, saying something to the effect that his eyes were a feature she would not soon forget. Defendant was established to have been working in the vicinity of the victim's apartment complex at or around the time of the assault.

Based on the foregoing, it is unlikely that the outcome of the trial would have been made different as a result of defense counsel's cross-examination of the victim regarding the pending civil claim.

(Dkt. 23, Ex. 001-H at R. 1389-90).

During the evidentiary hearing on the claim, Petitioner's trial attorney testified that he believed that there was no question that the victim had been assaulted and did not want to alienate the jury by questioning the victim as to whether she had actually been assaulted (Id. at R. 1429-30). He further testified that whether or not the victim was assaulted by Petitioner would not have affected the victim's ability to file a civil suit against her apartment complex because it did not matter, for purposes of the civil trial, whether Petitioner or another person committed the crime (Id. at R. 1433).

Petitioner has not demonstrated that his defense counsel's decision not to impeach the victim with evidence that she was bringing a civil claim against her apartment complex for negligent

16

security was anything other than trial strategy. Disagreements by a defendant with counsel's tactics or strategies will not support a claim of ineffective assistance of counsel. A habeas petitioner must overcome a presumption that the challenged conduct of one's counsel was a matter of strategy. *Strickland*, 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." *Rogers v. Zant*, 13 F.3d at 386 (11th Cir. 1994). Petitioner's trial attorney testified during the evidentiary hearing on Petitioner's Rule 3.850 motion that he did not believe that evidence of the victim's civil claim against her apartment complex was relevant because the evidence indicated that the victim had been sexually assaulted, and that it was irrelevant to the civil case whether or not it was Petitioner who had assaulted her. Moreover, Petitioner's trial attorney testified that he was concerned that questioning the victim about whether or not she had been sexually assaulted would alienate the jury. The Court cannot find that no reasonable lawyer would have pursued counsel's trial strategy.

Even assuming, arguendo, that counsel's performance was deficient, Petitioner fails to show that counsel's actions prejudiced Petitioner such that the outcome of his trial would have been different. In the absence of an allegation of prejudice, a claim of ineffective assistance of counsel cannot succeed because the requirements of *Strickland* remain unsatisfied. Based on the bare allegations presented to support this claim, and the evidence adduced at the trial indicating Petitioner was the assailant, the state court's rejection of this claim was not contrary to or an unreasonable application of *Strickland*. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

**Ground Ten**

In Ground Ten, Petitioner complains that his trial attorney was ineffective in failing to object to the State's improper bolstering of police testimony. Specifically, Petitioner complains that his trial attorney should have objected to Mr. Dunker's, the State's fingerprint expert, testimony that: 1) if he made an error, his career would be in jeopardy; and 2) the fingerprint is an infallible means of identification. Petitioner also apparently complains that the state shifted the burden of proof when it stated during closing argument that the defense "can not [sic] get around that fingerprint."

Petitioner raised a similar claim in his Rule 3.850 motion. In denying the claim, the state postconviction court found:

> Defendant claims his attorney failed to object to improper bolstering testimony during the State's examination of a fingerprint technician. The Defendant contends he was prejudiced because the jury was left with the impression that the witness was infallible and that, if they did find he was wrong, the he would lose his job.
>
> The Defendant's Motion is denied. The testimony which Defendant points to was elicited on direct examination by the State Attorney and was based on factual information and, therefore, the testimony does not constitute improper bolstering. (See attached transcript, p. 540). *See Davis v. State*, 663 So. 2d 1379, 1381 (Fla. 4[h] DCA 1995) (Finding prosecutor's argument that was unsupported by the record to be impermissible bolstering).

(Dkt. 23, Ex. 001-G at R. 1151-52).

Initially, whether Dunker's testimony constituted improper bolstering is a matter of state evidentiary rules and does not rise to the level of a federal Constitutional violation. Because Petitioner does not establish that the testimony was improper under state law, counsel cannot be deemed ineffective in failing to object to the testimony. Further, Petitioner has not shown that if defense counsel had objected to the testimony, the result of the proceeding would have been

18

different.

To the extent Petitioner claims that the State shifted the burden of proof to the defense when the prosecutor argued that the defense "can not [sic] get around that fingerprint," the claim lacks merit. In *U.S. v. Orellana*, 2009 U.S. App. LEXIS 17649, 2009 WL 2400244, *5 (11th Cir. 2009)(unpublished opinion), the Eleventh Circuit stated:

> Although "a prosecutor may not comment on the absence of witnesses or otherwise attempt to shift the burden of proof, . . . a comment by the prosecutor on the failure by defense counsel, as opposed to the defendant, to counter or explain evidence" is permissible. *United States v. Hernandez*, 145 F.3d 1433, 1439 (11th Cir. 1998). Any prejudice resulting from a burden-shifting is reduced if the government or the trial court explains to the jury that the government has the burden of proof. *Id.*

The prosecutor's statement was appropriate as it was merely a comment on the failure by defense counsel to counter or explain the fingerprint evidence. Additionally, the state trial court instructed the jury that "the state has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crime." (Dkt. 23, Ex. 001-F at R. 1045).

Petitioner has not demonstrated that the state court's rejection of this claim was contrary to or an unreasonable application of *Strickland*. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

**Ground Eleven**

In Ground Eleven, Petitioner complains that "the State's comments during closing argument constitutes [sic] reversible fundamental error." (Dkt. 6 at pg. 17). Petitioner appears to argue that he was denied a fair trial as a result of the prosecutor's statements during closing argument that: 1) the victim changed her statement the next morning regarding the height of the assailant; and 2)

19

Corporal Dunker was "schooled" and "highly credentialed." Petitioner appears to argue that the statements improperly bolstered the credibility of the State's witnesses. He also claims that he was denied a fair trial when the prosecutor stated during closing argument "don't let Mr. Campbell (defense counsel) try to force a doubt on you." Petitioner argues that the prosecutor's comment amounted to an "attack" on defense counsel.

Petitioner did not raise this claim on direct appeal (See Dkt. 6-3). Further, Petitioner admits that trial counsel never raised objections to these statements at the trial level (See Dkt. 6 at pg. 17). Under Florida law, errors that have not been preserved by contemporaneous objection can be considered on direct appeal only if the error is fundamental. *See, e.g., Goodwin v. State*, 751 So. 2d 537, 544 (Fla. 1999) ("If the error is not properly preserved or is unpreserved, the conviction can be reversed only if the error is 'fundamental.'"). *See also, Card v. State*, 803 So. 2d 613, 622 (Fla. 2001)(""the failure to raise a contemporaneous objection when improper closing argument comments are made waives any claim concerning such comments for appellate review."). Fundamental error is "error which goes to the foundation of the case or goes to the merits of the cause of action." *Hopkins v. State*, 632 So. 2d 1372, 1374 (Fla. 1994) (quoting *Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970)). Petitioner does not establish that the claimed error raised in Ground Eleven constituted "fundamental error" under Florida law. Therefore, the claim is unexhausted. Petitioner does not show cause for his default or prejudice, and he does not demonstrate that the fundamental miscarriage of justice exception applies. Accordingly, the claim is procedurally barred.

Moreover, in *Drake v. Kemp*, 762 F.2d 1449, 1458 (11th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986), the Eleventh Circuit Court of Appeals stated:

Improper argument will only warrant relief if it renders a petitioner's trial or

20

> sentencing fundamentally unfair. That determination depends on whether there is a reasonable probability that, in the absence of the improper arguments, the outcome would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

(Citations omitted) (quotations omitted).

In the instant case, to the extent that the prosecutor's comments were improper, when considered in the context of the entire proceeding, these comments in no way rendered the entire proceeding unfair. *See Gates v. Zant*, 863 F.2d 1492, 1502-03 (11th Cir.) (noting that "several of these arguments were improper .... Considering the totality of the circumstances, however, these arguments did not render the sentencing proceeding fundamentally unfair."), *cert. denied*, 493 U.S. 945 (1989). Therefore, Ground Eleven must be denied.

**Ground Twelve**

In Ground Twelve, Petitioner complains "Appellant was denied relief on an evidentiary hearing, and proper representation by counsel." (Dkt. 6 at pg. 18). It appears that Petitioner claims: 1) the state postconviction court erred in denying his Rule 3.850 postconviction motion; and 2) he was denied the effective assistance of counsel during his Rule 3.850 postconviction proceedings because the attorney appointed to represent him during those proceedings had a conflict of interest in that the attorney was a former state prosecutor who represented the State in a case where Petitioner was the defendant.

As to Petitioner's first claim, that the postconviction court erred in denying his postconviction motion, this claim is an issue of state law not cognizable on federal habeas review. *See Jamerson*, 410 F.3d at 688 (quoting *Estelle v. McGuire*, 502 U.S. at 67)("Federal habeas relief is unavailable 'for errors of state law.'").

With respect to Petitioner's second claim, that he was denied the effective assistance of counsel because his appointed postconviction counsel had a conflict of interest since he was a former prosecutor in a case in which Petitioner was the defendant, this claim is without merit. There is no constitutional right to counsel in postconviction proceedings, and thus any alleged incompetence of postconviction counsel is not a ground for relief in federal habeas proceedings. 28 U.S.C.§ 2254 (i) states as follows: "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief arising under section 2254." *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1, 10 (1989). Furthermore, in *Finley*, the Supreme Court refused to extend a due process requirement for effective collateral counsel to situations where a state has opted to afford collateral counsel to indigent inmates. *Id.,* 481 U.S. at 554-559. Therefore, Petitioner fails to state a cognizable claim for relief.

Moreover, in order to show ineffective assistance of counsel premised on a conflict of interest, a petitioner must "establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). "[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id*. (citations omitted). Petitioner wholly fails to allege or show that a conflict of interest actually affected the adequacy of his representation. Accordingly, Petitioner fails to demonstrate he is entitled to federal habeas relief upon this claim.

**Ground Thirteen**

In Ground Thirteen, Petitioner claims that the trial court erred in sentencing him as a habitual

22

offender. A federal court cannot review a state's alleged failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). Petitioner's claim involves a matter of only state law.[5] Therefore, Ground Thirteen does not warrant federal habeas relief.

**Ground Fourteen**

In Ground Fourteen, Petitioner appears to claim ineffective assistance of appellate counsel. To the extent Petitioner complains that his appellate counsel in his appeal of the denial of his Rule 3.850 postconviction motion was ineffective, this claim is not cognizable in a federal habeas proceeding because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief arising under section 2254." 28 U.S.C. § 2254(i); *see Finley*, 481 U.S. 551 at 555; *Murray*, 492 U.S. at 10.

To the extent Petitioner asserts that his appellate counsel on direct appeal from his convictions and sentences was ineffective, this claim is vague and conclusory. Conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue. *See Hill v. Lockhart*, 474 U.S. 52 (1985); *Tejada v. Dugger* , 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). Moreover, on appeal, counsel must be "highly selective about the issues to be argued." *Johnson v. Alabama*, 256 F.3d 1156, 1188 (11th Cir. 2001) (citation omitted). Absent a showing "regarding the effect, if any, that a different [appellate] brief would have had on the outcome of proceedings," under *Strickland*, there is no ineffective assistance of appellate counsel. *Id.* Ground Fourteen fails to meet either prong of *Strickland* and must be denied.

---

[5]Moreover, Petitioner did not present this sentencing issue in the state court or in this Court as a federal constitutional violation (See Dkt. 6-3 at pgs. 19-20). Consequently, any federal claim is unexhausted and procedurally barred. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995).

**Ground Fifteen**

In Ground Fifteen, Petitioner asserts "[if] evidence produced at an evidentiary hearing does not refute claims in a 3.850 motion, is the appellant entitled to relief? Was Appellate Counsel Ineffective by failing to follow the expressed viable issues conveyed to be available via prior counsel?" (Dkt. 6 at pg. 21). In the first part of Ground Fifteen, Petitioner essentially revisits the claim he raised in Ground Nine of the instant petition, and asserts that the evidence presented at the evidentiary hearing on his state Rule 3.850 postconviction motion established that counsel was ineffective in failing to impeach the victim with evidence that she brought a civil suit against her apartment complex for negligent security. Petitioner is not entitled to relief pursuant to part one of Ground Fifteen for the same reasons the Court denied Ground Nine of the instant petition, *supra*.

In the second part of Ground Fifteen, Petitioner complains that his postconviction appellate counsel was ineffective in filing an *Anders*[6] brief without first contacting his postconviction counsel who had previously informed appellate counsel that there were viable issues that could be raised on appeal. As this Court stated, *supra*, Petitioner's ineffective assistance of postconviction appellate counsel claim is without merit because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief arising under section 2254." 28 U.S.C. § 2254(i); *see Finley*, 481 U.S. 551 at 555; *Murray*, 492 U.S. at 10. Accordingly, Ground Fifteen does not warrant federal habeas corpus relief.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

---

[6]*Anders v. California*, 386 U.S. 738 (1967).

ACCORDINGLY, the Court **ORDERS** that:

1. The Amended Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 6).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _August 19th_____, 2009.

_____
JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
　　　　Counsel of Record